HAMPTON HOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL TRIM SALES, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHECKPOINT SYSTEMS (UK) LTD., a United Kingdom limited company; et al., <br><br> Defendants. | Case No. SACV 12-01314-JST (RNBx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS |

(Note: "[PROPOSED]" is struck through.)

## A. GOOD CAUSE EXISTS FOR THIS STIPULATED ORDER

WHEREAS, certain documents and information subject to disclosure or produced during discovery in this litigation should be kept confidential to protect the legitimate business and privacy interests of the parties, their officers, agents and employees, and other persons,

AND WHEREAS, all parties have agreed on the means of handling such documents and information,

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective attorneys, that this Court enter a Protective Order Governing the Designation and Handling of Confidential Materials as follows:

**B.     TERMS AND CONDITIONS OF THIS STIPULATED ORDER**

    1.     As used herein, CONFIDENTIAL INFORMATION refers to non-public information that a producing party claims, reasonably and in good faith, to be its trade secret or other confidential research, development, financial, technical, sales or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Information to be treated under this Order as CONFIDENTIAL INFORMATION shall include:

    a.    Information set forth in documents produced pursuant to a party's disclosure obligations under Fed. R. Civ. P. 26(a), or in responses to discovery requests made under Fed. R. Civ. P. 31, 33 or 36, or in documents produced for inspection and/or copying or otherwise under Fed. R. Civ. P. 33(d) or 34, or pursuant to a subpoena under Fed. R. Civ. P. 45, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with substantially the following legend:

    **CONFIDENTIAL INFORMATION**
    **SUBJECT TO PROTECTIVE ORDER**

Alternatively, documents produced pursuant to a party's disclosure obligations under Fed. R. Civ. P. 26(a), for inspection and/or copying or otherwise under Fed. R. Civ. P. 33(d) or 34, or pursuant to a subpoena under Fed. R. Civ. P. 45, may instead use a conspicuous legend consisting of "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

    b.    Information revealed by inspection of things or premises under Fed. R. Civ. P. 34 under terms to be agreed upon by the parties through good-faith negotiations in connection with any such inspection.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4840-1055-4642 - v. 1

    c.    Parties (and deponents) may, within 15 days after certification of a deposition transcript, designate pages and/or lines of the transcript (and exhibits thereto furnished by them) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protective Order," and advising counsel for all parties, the court reporter, and the deponent, by telecopier (or by mail, if the party or person making the designation has no telecopier), of such designation. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

    d.    Information produced in the form of computer disks, video tapes, or other tangible things in electronic, magnetic, or other stored form, to the extent that each such item produced is marked by the producing party with a confidentiality notice. If such items are printed out by the receiving party, the receiving party must mark each page of the printed version with the confidentiality notice.

    e.    Any party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information produced by another party, or by a third party. The party making such designation shall do so within thirty (30) days of receipt by counsel for the receiving party of such documents or information.

4840-1055-4642 - v. 1

2. The types of information identified in paragraphs 1(a), (b), (c), and (d) may alternatively be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and shall bear the same legend as above in Paragraph 1(a), except changing "CONFIDENTIAL" to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The designation "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used only for information that the producing party determines, reasonably and in good faith, to consist of: (1) highly sensitive and non-public financial and marketing information, including but not limited to internal financial statements, financial and marketing forecasts, marketing plans, and market assessments; (2) highly sensitive and non-public technical or business information relating to research for, or development or manufacturing of, current services or products; (3) highly sensitive and non-public technical or research and development information regarding future services or products; (4) non-public agreements or dealings with any vendor, distributor or customer or with any competitor of a Party to this lawsuit; (5) information containing pricing or other sensitive or confidential data or (6) highly sensitive personnel information contained among the party's employee personnel records. Hereafter, CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION may be referred to, separately and collectively, as "PROTECTED INFORMATION."

3. PROTECTED INFORMATION and all other information disclosed by a producing party to a receiving party pursuant to discovery in this action shall be used by the receiving party solely for purposes of this action, including any alternative dispute resolution proceedings and appeals in connection therewith.

4. Access to CONFIDENTIAL INFORMATION shall be limited to the following persons:

    a. The producing party, and any of its present officers, agents, employees, attorneys, or Rule 30(b)(6) designees;

4840-1055-4642 - v. 1

  b. A witness who authored or received the CONFIDENTIAL INFORMATION prior to its production to the receiving party, provided that the witness will not be permitted to retain any CONFIDENTIAL INFORMATION or copies thereof produced in this action;

  c. Outside Counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those counsel whose functions require access to CONFIDENTIAL INFORMATION;

  d. The officers and employees of any party, whose assistance is reasonably necessary in the preparation of such party's case, and stenographic, clerical, and legal assistant employees, and agents of those officers and employees whose functions require access to CONFIDENTIAL INFORMATION;

  e. Outside experts, whether testifying or not, or consultants, whether testifying or not, (and their stenographic and clerical personnel) who are not officers, directors, employees, or consultants of a receiving party, of a competitor of a receiving party or of any affiliates of either provided that disclosure to such experts or consultants and their stenographic and clerical personnel shall be made only on the following conditions:

    i. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed Agreement To Be Bound By Confidentiality Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION, and

4840-1055-4642 - v. 1

     counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Confidentiality Order.

  ii. No CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant until after the expiration of a ten (10) day period commencing with the receipt by counsel for the producing party of a copy of the expert's or consultant's signed Agreement To Be Bound By Confidentiality Order and a curriculum vitae (if available) of the expert or consultant. Counsel for the producing party may object to such disclosure only for good cause, *e.g.*, a business conflict, and only during the ten (10) day period after such receipt. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert or consultant, except by express agreement of the parties or order of the Court. If objection to disclosure is made within the time required, the parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the expert or consultant in question until the objection is resolved by the Court.

4840-1055-4642 - v. 1

      f.      Non-technical trial consultants and graphics or design services retained by outside trial counsel for the purpose of preparing demonstrative or other exhibits.  Counsel desiring to disclose CONFIDENTIAL INFORMATION to such non-technical trial consultants and graphics or design services personnel shall first obtain a signed Agreement To Be Bound By Confidentiality Order in the form of Exhibit A attached hereto from each such person who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Confidentiality Order.

      g.      Any court reporters and videographers who record and/or transcribe deposition or other testimony in this action; and

      h.      The Court and its authorized staff and any Special Master appointed by the Court and his/her staff, and any person whom the parties have agreed will serve as mediator in this action, provided that the mediator shall destroy all documents, things or information marked HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION within ten (10) days after the conclusion of such person's involvement in the mediation and shall not use such information for any purpose other than in connection with the mediation.

5.     Access to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION shall be limited to those individuals outlined in Paragraphs 4(a), (b), (c), (e), (f), (g), and (h) above on the same terms as outlined in those provisions for CONFIDENTIAL INFORMATION.

6.     PROTECTED INFORMATION shall not be made public by the receiving party, shall be used only by persons permitted access to it under Paragraphs

4840-1055-4642 - v. 1

4-5 and shall be disclosed only to persons as specified in Paragraphs 4-5, absent a Court Order to the contrary.

7. The recipient of any CONFIDENTIAL material or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION material that is provided under this Order shall maintain such information in a secure and safe area, shall take appropriate measures to ensure the continued confidentiality of such material, and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and highly confidential or competitively sensitive information. Nothing in this paragraph or any other part of this order is intended to or should be construed as imposing any affirmative obligations on the Court or court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

8. PROTECTED INFORMATION of the producing party shall not be kept on any of the premises of the receiving party, except that (a) PROTECTED INFORMATION filed or served in the litigation (including briefs, declarations, deposition transcripts, interrogatory responses, and exhibits to the foregoing) may be kept in a secure location in the offices of those individuals designated in or pursuant to Paragraphs 4-5 entitled to receive such information; (b) PROTECTED INFORMATION may be kept in the custody of outside counsel of record for the parties; and (c) PROTECTED INFORMATION may be kept in the custody of outside experts or consultants for a receiving party, provided that the experts and consultants segregate the PROTECTED INFORMATION from other information and maintain the PROTECTED INFORMATION in a secure location. Nothing in this paragraph or any other part of this order is intended to or should be construed as imposing any affirmative obligations on the Court or court personnel, who are

subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

9. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10. This Order shall not prevent a party from attempting to examine, at depositions, persons who are not authorized to receive PROTECTED INFORMATION, as identified herein, so long as such examination concerns PROTECTED INFORMATION to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by foundation testimony during the deposition. This Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of PROTECTED INFORMATION, so long as such examination is done in a manner that does not disclose the details of the PROTECTED INFORMATION. Such discussion shall not constitute disclosure in violation of this Order.

11. Subject to the provisions of this Order and any further Order regarding confidentiality as this Court may enter, PROTECTED INFORMATION may be used to prepare for and conduct discovery, to support or oppose any motion, and to prepare for trial and appeal, and also may be used at depositions, but may not be used for any other purpose or disclosed to any other person or entity by the receiving party unless otherwise agreed to beforehand in writing by the Producing Party or if the Court so orders.

4840-1055-4642 - v. 1

12.    Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of PROTECTED INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose the content or source of any PROTECTED INFORMATION to unauthorized persons.

13.    The acceptance of PROTECTED INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the PROTECTED INFORMATION is in fact confidential, or of the level of confidentiality designated by the producing party. This Order shall not foreclose any party from moving for an Order that documents or other items designated PROTECTED INFORMATION are not, in fact, confidential, or of the level of confidentiality designated by the producing party. Prior to bringing such a motion, the receiving party shall first request in writing that the producing party change its designation of certain specifically-enumerated information. If the producing party refuses to agree within ten (10) days, the receiving party may file a motion for an Order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the PROTECTED INFORMATION embodies its trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) or otherwise merits protection under Rule 26(c). Any motion brought pursuant to this paragraph must be made in compliance with Local Rules 37-1 and 37-2.

14.    If a Party determines that it has inadvertently failed to designate documents or materials as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material, it may do so by giving written notice to all Parties or their counsel of the new designation as being either "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material. The retrieving Party shall re-produce such documents or material, designating them "CONFIDENTIAL" or "HIGHLY

10

CONFIDENTIAL" as described above. Counsel for the receiving party (or a receiving party without counsel) shall use its best efforts to ensure that all persons who are in possession of such after-production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 4 and 6 hereof promptly return all known copies of any such documents to the producing party or to a person who is within a category of persons who may possess such materials. Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production.

15. Should any PROTECTED INFORMATION be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Order, then the receiving party shall (a) use its best efforts to obtain the return of any such PROTECTED INFORMATION and to bind such person to the terms of this Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party; and (d) within five (5) days of the discovery of such disclosure, request such person to sign the Agreement To Be Bound By Confidentiality Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its receipt by the receiving party.

16. Nothing in this Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

17. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. In the event of an inadvertent production, the producing party shall, within fifteen (15) days of the

1  discovery of the inadvertent production, give notice to the receiving party in writing
2  of the producing party's claim of privilege or immunity from discovery. Thereafter,
3  the information for which a claim of inadvertent or unintentional production is made
4  shall be returned to the producing party within three (3) days of the producing party's
5  request. Moreover, any notes or summaries referring or relating to any such
6  inadvertently- or unintentionally-produced information shall be destroyed. The
7  receiving party will be deemed to have notice that material is restricted if the Party
8  reasonably should recognize the material is privileged or protected from discovery,
9  or upon written notice by the producing party. In the event that any such information
10 is contained in a produced document, all copies of that document, and any notes or
11 summaries relating thereto that may have been made, shall be destroyed to the extent
12 practicable. Nothing herein shall prevent the party returning such information from
13 moving the Court for an Order compelling production of such information.

14        18.    The restrictions and obligations set forth in this Order relating to
15 PROTECTED INFORMATION shall not apply to any information that: (a) the
16 parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or
17 the Court rules, has become public knowledge other than as a result of disclosure by
18 the receiving party; or (c) has come or hereafter comes into the receiving party's
19 legitimate possession independently of the producing party without obligation of
20 confidentiality. Such restrictions and obligations shall not be deemed to prohibit
21 discussions with any person regarding any PROTECTED INFORMATION if said
22 person already has legitimate possession thereof.

23        19.    In the event that a party desires to provide access to or disseminate
24 PROTECTED INFORMATION to any person not entitled to access under
25 Paragraphs 4-5, it may move the Court for an order that such person be given access
26 thereto. In the event that the motion is granted, or by agreement of the parties, such
27 person may have access to PROTECTED INFORMATION after first signing an
28

undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

20. This Order shall not prevent any party from applying to the Court for further or additional confidentiality or protective orders.

21. This Order shall survive the termination of this action.

22. After final termination of this action, trial counsel for the receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, documents and other submissions to the Court or to opposing counsel, and PROTECTED INFORMATION to the extent it includes or reflects attorney's work product. Within 30 days after final termination of this action including any appeals, depending on the preference of the party who has provided such PROTECTED INFORMATION, counsel for the receiving party either shall return all additional PROTECTED INFORMATION in its possession, custody, or control or in the custody of any authorized agents, outside experts, and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such PROTECTED INFORMATION in discovery or shall certify destruction thereof to such counsel.

If a third party provides discovery to any party in connection with this action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Order as held by the parties to this action. Should any third party wish to produce information that it considers PROTECTED INFORMATION under any circumstances other than those provided in this Order, the third party shall be required to obtain agreement to such terms for production from each party to the action or to seek relief from the Court.

23. The purpose of this Order is to protect the confidentiality of information and documents produced or disclosed in this litigation. No provision of

4840-1055-4642 - v. 1

this Order restricts or otherwise affects the right of each party to permit disclosure of its own information and documents.

24. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**BASED UPON THE STIPULATION OF THE PARTIES AND GOOD CAUSE APPEARING,**

    **IT IS SO ORDERED.**

Dated: <u>March 06, 2013</u>

_____
HON. ROBERT N. BLOCK
United States Magistrate Judge

14

4840-1055-4642 - v. 1

**APPROVED AS TO FORM:**

Dated:  March 6, 2013          HAMPTONHOLLEY LLP


                                              By: */s/ George L. Hampton IV*
                                                  George L. Hampton IV
Attorneys for Plaintiff
GLOBAL TRIM SALES, INC.


Dated:  March 6, 2013          TATRO TEKOSKY SADWICK LLP


                                              By: */s/ Steven R. Tekosky*
                                                  Steven R. Tekosky
Attorneys for Defendants
CHECKPOINT SYSTEMS (UK) LTD.;
CHECKPOINT SYSTEMS, INC.;
BRILLIANT LABEL MFG. LTD.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4840-1055-4642 - v. 1

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____, do solemnly swear and agree that I am fully familiar with the terms of the Protective Order Governing the Designation and Handling of Confidential Materials entered in *Global Trim Sales, Inc. v. Checkpoint Systems (UK) Ltd., et al.*, Civil Action No. SACV 12-01314-JST (RNBx), which is pending in the United States District Court for the Central District of California, Southern Division, a copy of which has been provided to me, and I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further Order of this Court. Further, to the extent that I receive Confidential Material or Attorneys' Eyes Only Material in connection with this litigation, including the information contained therein, I agree that I will hold that material and information in confidence in accordance with the terms of the Order. I agree to use Confidential Material or Attorneys' Eyes Only Material only for the purpose of the prosecution or defense of this action, and for no other purpose. I understand that I am to retain all copies of the materials that I receive that have been designated as Confidential Material or Attorneys' Eyes Only Material in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order. I hereby consent to the jurisdiction of this Court for purposes of enforcing this Order.

Dated: _____     Signed: _____

                                 Print Name: _____

4840-1055-4642 - v. 1