Steven R. Tekosky (State Bar No. 102918)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
Email: stevetekosky@ttsmlaw.com

Attorneys for Defendants Checkpoint Systems UK Ltd, Checkpoint Systems, Inc., and Brilliant Label Manufacturing Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GLOBAL TRIM SALES, INC., a California corporation,

Plaintiff,

v.

CHECKPOINT SYSTEMS (UK) LTD., a United Kingdom limited company; CHECKPOINT SYSTEMS, INC., a Pennsylvania corporation; and BRILLIANT LABEL MFG. LTD., a Hong Kong limited company,

Defendants.

Case No. SACV 12-01314 - JST (RNBx)

***EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORTS AND EXCLUDE PLAINTIFF'S EXPERTS FROM TESTIFYING AT TRIAL OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME FOR DEFENDANTS' MOTION TO STRIKE AND EXCLUDE;**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Judge: Hon. Josephine Staton Tucker

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION AND MOTION TO STRIKE EXPERT TESTIMONY
CASE NO. SACV 12 – 01314 JST (RNBx)

# TABLE OF CONTENTS

Page

EX PARTE APPLICATION ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. FACTS ........ 2

III. ARGUMENT ........ 6

A. Plaintiff's Experts Should Be Excluded ........ 6

B. *Ex Parte* relief is Appropriate Because Absent a Ruling on This Issue Prior to the Rebuttal Disclosure Deadline, the Case Management Dates Set by the Court Will be Threatened and the Parties Will Waste Substantial Resources ........ 14

IV. CONCLUSION ........ 16

TABLE OF AUTHORITIES

Page

*Cases*

*Ballard v. United States*, 2007 WL 4794101 (C.D. Cal. Aug. 28, 2007) ...................................... 7, 10

*Claar v. Burlington N. R. Co.*, 29 F.3d 499 (9th Cir. 1994) ........................................................................ 10

*Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011) ........................................................... 7, 13, 14

*Jamdat Mobile Inc. v. Jamster Int'l Sarl Ltd.*, 2005 WL 5960924 (C.D. Cal. Oct. 4, 2005) ......................................... 7, 14

*Luberman's Mutual Cas. Co. v. DFG Restaurants*, 2008 WL 5429585 (C.D. Cal. June 16, 2008) ...................................... 8, 11

*Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496 (9th Cir. 2009) ..................................................... 6, 7, 11

*Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29 (1st Cir. 2001) ........................................................................ 6

*Perry v. United States*, 755 F.2d 888 (11th Cir. 1985) .................................................................... 10

*Plumley v. Mockett*, 836 F. Supp. 2d 1053 (C.D. Cal. 2010) .................................................... 11

*Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) ...................................................................... 7

*Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420 (E.D. Tex. 1986) .......................................................... 10

*Wong v. Regents of Univ. of California*, 410 F.3d 1052 (9th Cir. 2005) ....................................................... 6, 7, 8, 13

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) ........ 7

*Statutes*

Fed.R.Civ.P. 26 ........ 2, 11, 13

Fed.R.Civ.P. 26(a) ........ 6,7

Fed.R.Civ.P. 26(a)(2) ........ ***passim***

Fed.R.Civ.P. 26(a)(2)(B) ........ 6, 8, 9, 13

Fed.R.Civ.P. 26(a)(2)(B)(i) ........ 9

Fed.R.Civ.P. 26(a)(2)(B)(ii) ........ 9

Fed.R.Civ.P. 26(a)(2)(B)(i-vi) ........ 9

Fed.R.Civ.P. 26(a)(2)(C) ........ 2

Fed.R.Civ.P. 26(A)(2)(D) ........ 14

Fed.R.Civ.P. 26(A)(2)(D)(ii) ........ 15

Fed.R.Civ.P. 26(e) ........ 11

Fed.R.Civ.P. 37(c) ........ 6, 7, 8, 11, 14

Fed.R.Civ.P. 37(c)(1) ........ 6, 14

## EX PARTE APPLICATION

For the reasons explained below, defendants Checkpoint Systems UK Ltd, Checkpoint Systems, Inc., and Brilliant Label Manufacturing Ltd. (collectively "Checkpoint") respectfully request that this Court grant Checkpoint's motion and strike the untimely and incomplete "expert reports" of Plaintiff Global Trim Systems, Inc. ("Plaintiff") and preclude Plaintiff's experts from offering opinions at trial. Checkpoint has made this request by *ex parte* application, rather than a noticed motion because, if this were to be heard as a noticed motion, the delay may cause irreparable injury to Checkpoint, inasmuch as the deadline for counter-designations and rebuttal expert reports is September 30, 2013 (which is before a noticed motion could be heard).

Plaintiff opposes this motion and has stated it intends to file a brief in opposition. Declaration of Paul Foust Declaration submitted herewith ("Foust Decl") ¶ 3. Plaintiff stated its belief that while the disclosure is inadequate, the failure to provide adequate disclosure is excused because Plaintiff had not completed discovery. *Id.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

To preserve the overall schedule set forth in the Court's Case Management Order,[1] which schedule has been relied upon by Checkpoint,[2] and to conserve

---

[1] On January 9, 2013, this Court entered a Minute Order (Doc. 23) setting case management dates for the effective management of this litigation. Though the actual title of the Minute Order is "Order vacating scheduling conference and setting case management dates," for simplicity's sake, this Order is referred to herein as the Case Management Order.

[2] Plaintiff has stated that it intends to request that this Court modify the Case Management Order to extend discovery and related deadlines, including expert disclosure deadlines, by approximately six months. Checkpoint will oppose such motion, if it is filed. However, if such motion is filed, and if filed, is approved by this Court, the need for *ex parte* relief likely will be eliminated, and in such case Checkpoint would request the Court set this motion to strike for the next available date on the Court's regular motion calendar.

resources that might otherwise be wasted, Checkpoint respectfully requests that this Court strike Plaintiff's incomplete and untimely expert reports.

On August 30, 2013, Plaintiff served a grossly deficient "expert disclosure," purporting – but failing – to satisfy Rule 26(a)(2)'s disclosure requirements and the Court's Case Management Order. The deficiencies in the purported disclosure – including the production of a ***partial*** report from one expert, and ***no*** report at all from a second expert (just a note that the report will be produced in the future), are not justified. Moreover, these deficiencies are harmful and subject Checkpoint to substantial prejudice. As such, the sanction of exclusion is mandated by the federal Rules of Civil Procedure, and an order shortening time to resolve the issue of exclusion likewise is warranted.

While ordinarily a ruling on the admissibility of proposed expert testimony might wait until after the close of discovery, here, Plaintiff's failure fully to comply with Rule 26(a)(2) and the Case Management Order may cause irreparable injury by making it impossible for Checkpoint to comply with Rule 26(a)(2)(C) and the Case Management Order with respect to rebuttal, or "counter-designations." Further, this Court's ruling on this motion now, before the close of discovery just weeks away, may save the parties significant expenses in discovery and expert costs.

To permit Checkpoint to comply with the Court's Case Management Order, and to protect the schedule set forth therein, and to conserve the Court's and the parties' resources, Checkpoint respectfully requests that this Court grant Checkpoint's motion and strike Plaintiff's "expert reports" and preclude Plaintiff's experts from offering opinions at trial.

## II. FACTS

Plaintiff filed this action on August 14, 2012. Although Checkpoint advocated in the Joint Rule 26 Report for a substantially longer discovery period, Plaintiff proposed a schedule which would have required completion of all fact discovery no

later than August 2, 2013, and all expert discovery no later than October 11, 2013. *See* Doc. 22. After reviewing the Joint Report, the Court adopted a schedule that provided more time for discovery than the schedule proposed by Plaintiff. *See* Doc. 23. That is, on January 9, 2013, the Court entered an Order setting case management dates, including a deadline for all discovery (fact and expert) of November 8, 2013, and disclosure of expert witnesses in compliance with Rule 26(a)(2) no later than seventy (70) days before the discovery cut-off, or August 30, 2013. *See* Doc. 23.

Plaintiff failed to meet its disclosure obligations, even with the additional time provided by the Court. On August 30, 2013 Plaintiff served what purported to be an expert disclosure pursuant to Rule 26(a)(2), but in fact fell far short of the Rule's requirements.[3] *See* Foust Decl., Exh. A. Plaintiff's disclosure identifies the names and addresses of two purported retained expert witnesses. For one of these experts, William "Bill" Romeo, no further information is provided. Specifically, with respect to Mr. Romeo:

- Plaintiff did not provide a written report,
- Plaintiff did not disclose any statement of any opinions Mr. Romeo might offer.
- Plaintiff did not provide "the facts or data considered by [Mr. Romeo] in forming [his opinions]."
- No "exhibits that will be used to summarize or support" Mr. Romeo's opinions were disclosed.

[3] Rule 26(a)(2) provides that an expert disclosure must be accompanied by a written report from each retained expert that contains: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

3

EX PARTE APPLICATION AND MOTION TO STRIKE EXPERT TESTIMONY
CASE NO. SACV 12 – 01314 JST (RNBx)

- Mr. Romeo's qualifications, if any, were not disclosed.
- No publications authored in the past ten years (if any) were disclosed.
- No list of other cases in which, during the previous four years, Mr. Romeo testified as an expert at trial or by deposition, was disclosed.
- No statement of the compensation to be paid for the study and testimony of the case was disclosed.

Instead, Plaintiff stated merely that Mr. Romeo was not then currently available and that Plaintiff would disclose his information later, in about two weeks (*see id*.) – the Court's Order to the contrary and the ticking clock for Checkpoint's rebuttal expert disclosure notwithstanding.  As of this time, Checkpoint still has not received a written report from Mr. Romeo (Foust Decl. ¶ 4) – in fact, it does not even know the subject(s) about which Mr. Romeo may opine – and thus is severely (actually, completely) handicapped in its ability to retain a rebuttal expert to be designated by the deadline of September 30, 2013.

With respect to the other witness identified by Plaintiff, Richard Squar, Plaintiff provided what appears to be a place-holder report, or, as it is described in the expert's own words, a "preliminary expert witness report."  Foust Decl., Exh. A. This "preliminary" or place-holder report explicitly states that it does ***not*** contain a complete statement of all opinions the witness will express.  *Id*. at p.2 of disclosure & pp.2-5 of attached report.  In fact, Mr. Squar lists three subjects on which he intends to opine:  (i) estimated damages due to lost profits, (ii) estimated damages due to costs to develop new vendor relationship, and (iii) damages based on disgorgement of defendants' profits, gain and advantages.  *Id*. at Report, p.2.  He offers an opinion only regarding topic (i).  Regarding topic (ii), he states merely "in process," and offers no opinion.  *Id*.  Regarding topic (iii), he states merely that he will form his opinions following further fact discovery.  *Id*.

Even with respect to topic (i), on which he does offer an opinion, Mr. Squar's place-holder report states that he is offering only a "preliminary opinion" regarding

purported lost profits, and several times states that work relating to the opinion offered is continuing, including statements that he is continuing to work in the area of finding outside indications for the reasonableness of his projections used in forming his damages opinion, that he is continuing to work with Plaintiff's management to verify his damages opinion, that he is continuing to look into general information about the industries certain customers sell to, and that he is continuing to develop his opinions based upon direct contact with Plaintiff's customers. *Id.* In addition, the report states that he is "in process of developing" a model from which the expert expects to offer additional opinions regarding Plaintiff's purported damages.

Further, as Mr. Squar's preliminary report does not contain a complete statement of the opinions he intends to offer, it also does not contain a complete statement of the basis and reasons of any opinions he will offer. *See id.*; *cf.* Rule (a)(2)(B)(i). With respect to the opinion that is stated, the preliminary report does not purport to contain a complete statement of the entire basis and reason for that opinion, but instead merely describes in vague and very general terms the past and currently ongoing process he followed.

In addition, Mr. Squar's preliminary report does not provide all of the facts or data he considered in forming his opinions. *See id.; cf.* Rule (a)(2)(B)(ii). Neither the preliminary report nor the disclosure statement contains a list of documents reviewed in forming the opinion, a list of assumptions made in forming the opinion, or a complete list of facts considered in forming the opinion. While the preliminary report does include several spreadsheets, he does not explain from where (*i.e.*, what documents or other sources) the data on the spreadsheets was taken.

Finally, while Mr. Squar's preliminary report does include a statement of his qualifications, including what purports to be a list of all publications authored in the previous 10 years and a list of all other cases in which, during the previous four years, he testified as an expert at trial or by deposition, the preliminary report does

not provide a statement of the compensation to be paid for the study and testimony in the case. *See id.; cf.* Rule (a)(2)(B)(vi).

## III. ARGUMENT

### A. Plaintiff's Experts Should Be Excluded

"A party must submit its expert witness disclosures 'at the times and in the sequence that the court orders.'" *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 498 (9th Cir. 2009) (internal citations omitted). "Rule 37(c)(1) gives teeth to this requirement by automatically excluding any evidence not properly disclosed under Rule 26(a)." *Id*. The Ninth Circuit has recognized that efforts by courts to manage their heavy case loads efficiently "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Further, a "deficient expert report flies in the face of the purpose of the mandatory expert disclosure requirements delineated in Rule 26(a)(2), which Rule 37(c) is intended to uphold and facilitate." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (*citing* Fed.R.Civ.P. 26 advisory committee's note (stating that the threat of "[r]evised Rule 37(c)(1) [is to] provide an incentive for full disclosure")). The purpose of a "detailed and complete" expert report as contemplated by Rule 26(a) is, in part, to minimize the expense of deposing experts. *Id*. "Failure to include information concerning the retained expert that is specifically required by Rule 26(a)(2)(B) … frustrates the purpose of candid and cost-efficient expert discovery." *Id.*

Therefore disclosures which are not timely made, or disclosures which otherwise do not comply with all requirements of Rule 26(a)(2) must be excluded unless the party offering the expert witness can show that the failure to timely meet the requirements of Rule 26(a)(2) was substantially justified and harmless. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Luke*, 323 F. App'x at 498; *Wong*, 410 F.3d at 1062; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998). The burden of proving harmlessness or substantial justification falls on the party seeking to avoid the automatic sanction of exclusion imposed by Rule 37(c). *Yeti*, 259 F.3d at 1107; *Goodman*, 644 F.3d at 827. In fact, the Ninth Circuit has endorsed the exclusion of experts for failure properly and timely to make disclosures consistent with Rule 26(a)(2) "even when a litigant's entire cause of action or defense has been precluded." *Yeti*, 259 F.3d at 1106. Thus, "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Id.*

In *Ballard v. United States*, 2007 WL 4794101 (C.D. Cal. Aug. 28, 2007), the plaintiff provided disclosure ten days after the court's deadline for expert disclosure. The expert reports, moreover, failed to disclose the information considered by the witness in forming the opinions, the compensation to be paid for the expert's testimony, and the list of other cases in which the expert had testified within the preceding four years. *Id.* at *3. Because the late-served disclosures would leave the defendant with only 13 days in which to prepare and serve rebuttal reports, and because the plaintiff was unable to meet its burden of proving substantial justification for the late-served reports, the court precluded the proposed experts from testifying at trial.[4] *Id*. at *2-4; see also *Jamdat Mobile Inc. v. Jamster Int'l Sarl*

[4] Judge Phillips acknowledged that she could adjust the entire case management schedule to accommodate the plaintiff's untimely and incomplete disclosure, however, she declined to do so because "[i]n these days of heavy

*(footnote continued...)*

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

7

EX PARTE APPLICATION AND MOTION TO STRIKE EXPERT TESTIMONY
CASE NO. SACV 12 – 01314 JST (RNBx)

*Ltd.*, 2005 WL 5960924 (C.D. Cal. Oct. 4, 2005) (granting *ex parte* application to exclude testimony and report of expert disclosed nine weeks after deadline).

Similarly, in *Luberman's Mutual Cas. Co. v. DFG Restaurants*, 2008 WL 5429585 (C.D. Cal. June 16, 2008), the defendant served its expert disclosure, including what it called a "preliminary report," on the last day of discovery. The preliminary report, however, did not contain all of the information required by Rule 26(a)(2)(B). The report offered only conclusory statements regarding the factual basis for the expert's opinions, failing to explicitly set forth the factual basis for the expert's conclusions or the data relied upon to reach those conclusions. Because the defendant's disclosure did not comply with the requirements of Rule 26(a)(2), the court excluded the testimony of that expert pursuant to the automatic sanctions imposed by Rule 37(c).[5] *Id*. at *1-2. Moreover, although the defendant attempted to supplement the preliminary report to cure its deficient disclosure, the court refused to allow the defendant to use supplemental disclosures as a means to circumvent the disclosure requirements. *Id*. at *2.

---

*(continued from previous page)*
caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id*. (citing *Wong*, 410 F.3d at 1060.

[5] The plaintiff in *Luberman* initially requested *ex parte* relief excluding the expert's testimony. Because discovery was closed at the time of the *ex parte* motion, Judge Carney denied the *ex parte* application, but advised the plaintiff of its right to seek exclusion on a regularly scheduled motion. As described more fully below, here, unlike the *Luberman* case, exigent circumstances ***are*** present which make *ex parte* relief appropriate, including the threat to the Court's Case Management Schedule, the difficulty providing a rebuttal to an opinion which is not fully supported (and, in part, not yet provided), and the desire to avoid spending tens of thousands of dollars on experts and discovery that will be entirely wasteful if the Court grants this motion.

Here, Plaintiff's disclosure fails to meet the requirements of Rule 26(a)(2). With respect to Mr. Romeo, Plaintiff failed to provide a single piece of required information beyond the expert's name and address.  This plainly fails to meet any of the requirements of Rule 26(a)(2)(B)(i-vi).  Plaintiff did not provide a written report, as required by Rule 26(a)(2)(B), nor did Plaintiff provide any statement, suggestion, summary, or hint at any opinions Mr. Romeo might offer, much less a "a complete statement of all opinions the witness will express and the basis and reasons for them."  Nor did Plaintiff provide "the facts or data considered by [Mr. Romeo] in forming [his opinions]."  Nor were "any exhibits that will be used to summarize or support" Romeo's opinions disclosed.  The witnesses' qualifications, if any, were not disclosed.  No publications authored in the past ten years (if any) were disclosed.  No list of other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition, was disclosed.  Nor was a statement of the compensation to be paid for the study and testimony of the case disclosed.

With respect to Mr. Squar, Plaintiff's disclosure falls woefully short of Rule 26(a)(2)'s mark.  First, no final report is provided.  The "report" states multiple times that it is merely a "preliminary" report, indicating the expert's "preliminary" opinions.  The preliminary report makes clear that Mr. Squar is continuing to perform work to refine, update, and support the preliminary opinions expressed so far.  Further, the preliminary report indicates that the expert intends to offer further opinions on two additional topics not expressed in the preliminary report.  As in *Luberman*, such "preliminary reports" are insufficient to meet Rule 26(a)(2)'s requirements.

Additionally, Mr. Squar's preliminary report does not state the complete basis for any opinions offered as required by Rule 26(a)(2)(B)(i), or provide all of the facts or data considered in forming his opinions, as required by Rule 26(a)(2)(B)(ii).  Without this information, Checkpoint cannot prepare to depose Mr. Squar in a timely manner.  Moreover, with the close of expert discovery just weeks away, Checkpoint

cannot hope to provide its rebuttal expert with all of the facts and data needed to rebut Mr. Squar's preliminary opinion within thirty days of the preliminary, incomplete disclosure. Here, as in *Ballard*, such reports are inadequate and should be excluded.

Finally, Plaintiff's disclosure with respect to Mr. Squar flatly fails to disclose a statement of the compensation to be paid for the study and testimony in the case. Without this information, Checkpoint cannot form an accurate assessment of costs for deposing the expert, and cannot explore whether the compensation paid might impact the credibility of this witness. While this failure might easily be cured, even at this point, Plaintiff's failure to disclose this basic information is illustrative of the dismissiveness with which Plaintiff has treated this disclosure process and the deadlines imposed by the Court and the federal rules in connection with this process.

Nor can Plaintiff cure the legion of deficiencies by submitting supplemental reports after the deadline. In light of Plaintiff's statement that it intends to offer a report for Mr. Romeo approximately two weeks after the required disclosure date, and considering the multitude of instances where the disclosure and preliminary report indicate Mr. Squar's intent to continue forming opinions and to continue to find *post hoc* justifications to support opinions already formed,[6] Plaintiff seems to assume that it has the right to supplement its report as often as it would like to add

[6] While a *Daubert* challenge to Mr. Squar's opinions may be premature at this point, clearly such *post hoc* analysis is inconsistent with the level of scientific integrity required by this Court in permitting experts to testify. *See Claar v. Burlington N. R. Co.*, 29 F.3d 499, 502-03 (9th Cir. 1994) ("Coming to a firm conclusion first and then doing research to support it is the antithesis of [the scientific] method."); *Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420, 1425 (E.D. Tex. 1986) (a scientist who forms an opinion before beginning his research lacks the objectivity needed to produce reliable scientific results); *see also Perry v. United States*, 755 F.2d 888, 892 (11th Cir. 1985) ("A scientist who has a formed opinion as to the answer he is going to find before he even begins his research may be less objective than he needs to be in order to produce reliable scientific results.").

new and updated opinions. "But Rule 26(e) creates a 'duty to supplement,' not a right." *Luke*, 323 F. App'x at 500. "Nor does Rule 26(e) create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id*.; *see also Luberman's Mut. Cas. Co.* 2008 WL 5429585 at *2 ("Supplemental reports, however, are not used for the purpose of curing defects in the original expert report"). As Judge King recently stated:

> supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a "supplement." Although Rule 26(e) obliges a party to "supplement or correct" its disclosures upon information later acquired, this "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports. Enabling this pattern of behavior "would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines." Accordingly, a supplemental expert report that states additional opinions or "seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report" is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c).

*Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal citations omitted). Thus, while Plaintiff appears to be attempting to use its August 30 disclosure as a placeholder for a more complete report to follow, the duty to supplement imposed by Rule 26(e) does not create the loophole Plaintiff appears to count upon.

Thus exclusion of the expert of opinions of both Mr. Romeo and Mr. Squar should be automatic and mandatory unless Plaintiff can show that late disclosure was

substantially justified or harmless. Plaintiff cannot do this. First, Plaintiff has provided no justification, much less "substantial justification" for its failure timely to disclose. Discovery has been ongoing for over eight months and Plaintiff has had full and fair opportunity to engage in discovery, if any was needed, to provide its experts with information upon which to form an opinion and to prepare full and complete reports detailing their opinions and the basis for them. Further, any time crunch Plaintiff finds itself in with respect to expert disclosure is self-imposed. While all of the facts and data relied upon by Mr. Squar are not provided, the information that is provided suggests that Mr. Squar relied almost exclusively upon information in Plaintiff's possession, custody, or control prior to even filing this action more than a year ago. Plaintiff could have provided this information to its expert much earlier to reduce any time pressure upon itself or its expert in meeting its disclosure requirement. Additionally, to the extent Plaintiff feels that the schedule provided insufficient time for fact or expert discovery, that burden also is self-imposed. Plaintiff requested an even more abbreviated discovery period than that currently in place. *See* Doc. 22 (requesting completion of all fact discovery no later than August 2, 2013, and all expert discovery no later than October 11, 2013). With respect to Mr. Romeo, Plaintiff did not explain the unavailability of the expert until the meet and confer regarding this motion, at which time Plaintiff explained that Mr. Romeo had been unavailable at the time of the disclosure because he was on a cruise.[7] That the expert was on vacation, or out of the office, or occupied with other cases or matters does not excuse Plaintiff from complying with this Court's Case Management Order, absent relief by the Court itself.

---

[7] During the meet and confer, Plaintiff further informed Checkpoint that, after Mr. Romeo returned from his cruise, he experienced a death in the family. While Mr. Romeo has Checkpoint's sympathies, it is apparent that Plaintiff's failure to provide full disclosure of Mr. Romeo's opinions and report in a timely manner and as required by Rule 26(a)(2) was due to poor planning on Plaintiff's part, and not due to the very sad incident of Mr. Romeo's family emergency, which occurred only after Mr. Romeo returned from vacation.

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

12

**EX PARTE APPLICATION AND MOTION TO STRIKE EXPERT TESTIMONY**
**CASE NO. SACV 12 – 01314 JST (RNBx)**

Similarly, Plaintiff cannot claim surprise that it needed a damages expert. The need for an expert to testify regarding profits that Plaintiff alleges it lost was reasonably foreseeable as early as the time of Plaintiff filed this action, more than a year ago. This is further evidenced by Plaintiff's Rule 26(a) damages disclosure, which failed to provide any meaningful explanation of Plaintiff's damages, but instead merely stated that Plaintiff would prove damages at trial in excess of $75,000. See Foust Decl., Exh. B (Plaintiff's Initial Disclosures).

Nor can Plaintiff show that its failure to make disclosures was harmless. Among other things, disruption to the schedule of the Court and adverse parties is not harmless. *Wong*, 410 F.3d at 1062; *Goodman*, 644 F.3d at 827.

In *Wong v. Regents of Univ. of California*, the plaintiff disclosed two witnesses after the close of discovery. Though trial was still 8½ months away at time of the late disclosure, the Court held that the late disclosure was not harmless because it threatened the case management dates set by the court in that matter. The Ninth Circuit affirmed this exclusion as proper. "The same status conference order which set the deadline for expert identification and the completion of discovery also set a deadline for resolving pretrial motions, such as the University's motion for summary judgment." *Wong*, 410 F.3d at 1062. There, as here, "if [the plaintiff] had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. ***Disruption to the schedule of the court and other parties in that manner is not harmless***. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong*, 410 F.3d at 1062 (emphasis supplied).

Similarly, in *Goodman v. Staples*, the plaintiff disclosed two experts one week after the expert disclosure deadline set by the district court. Further, the disclosures, when they did occur, did not comply with the requirements of Rule 26(a)(2)(B) and

full disclosure of the reports, including all of the required information, was not made until after the defendant was required to submit its rebuttal reports. The district court excluded the plaintiff's late-disclosed experts, and the Ninth Circuit affirmed the exclusion as proper because Rule 37(c)(1) provides a "self-executing," "automatic" sanction. *Goodman*, 644 F.3d at 827. Further, because the plaintiff, as the party opposing the sanction, did not meet its burden to prove the belated disclosure harmless, the narrow exception to the Rule 37(c) exclusion did not apply. *Id*. at 827.

Here, Plaintiff's dilatory and incomplete disclosure is far from harmless. Plaintiff's disdain for the disclosure requirements already has caused Checkpoint to have to spend additional resources. Further, Checkpoint will be unable to adequately to designate rebuttal experts, in full compliance with Rule 26(a)(2)(D), without alteration of the schedule ordered by this Court. Therefore unless this Court is willing to move its schedule to accommodate Plaintiff's incomplete and sloppy disclosure efforts, Checkpoint will be severely prejudiced.

### B. *Ex Parte* relief is Appropriate Because Absent a Ruling on This Issue Prior to the Rebuttal Disclosure Deadline, the Case Management Dates Set by the Court Will be Threatened and the Parties Will Waste Substantial Resources

*Ex parte* relief is appropriate because absent a ruling on this issue, the case management dates set by the Court will be threatened and Checkpoint may be required to waste significant discovery expenses relating to the proffered experts and in hiring its own rebuttal experts.[8]

[8] Further, even if the exigency was not great, and it is, Checkpoint respectfully requests that the Court consider this motion on the shortened schedule in light of its high likelihood of success. *See Jamdat*, 2005 WL 5960924 at *2 ("While [because plaintiff agreed to additional time for discovery, defendant's argument that it lacked time to respond to the late-served disclosure] would ordinarily fall short of the showing defendants must make to warrant *ex parte* relief, the application has a very high likelihood of success on the merits for the reasons discussed below and will be considered").

Currently, in accordance with Rule 26(A)(2)(D)(ii) and the Case Management Order, Checkpoint must disclose any rebuttal experts no later than thirty days of Plaintiff's woefully inadequate disclosure.  But Checkpoint cannot rebut opinions which have not been disclosed.  Further, any rebuttal of the partial, incomplete, "preliminary" opinion that was offered will be nearly impossible due to Plaintiff's failure to disclose the evidence relied upon, the assumptions made, and all bases for each opinion.  Even if Plaintiff were to supplement its report immediately to include the information required by Rule 26(a)(2), but omitted from its August 30, 2013 disclosure, Checkpoint would not have reasonable time to evaluate and rebut such opinions prior to the thirty day limit set forth by the Federal Rules and adopted by this Court in the Case Management Order.

While Checkpoint considered requesting of Plaintiff a stipulated request for an order permitting Checkpoint additional time to provide rebuttal reports, after Plaintiff cured the legion deficiencies in its disclosure, such a remedy would not work without threatening the entire case management schedule set forth by the Court.  The current schedule anticipates that all expert disclosures will be complete by September 30, 2013.  Discovery cut-off (both fact and expert) follows just weeks later on November 8, 2013, and the last day to file motions (including several motions for summary judgment or summary adjudication which Checkpoint intends to make) follows shortly thereafter on November 22, 2013.  Therefore, pushing rebuttal disclosure deadlines past the currently anticipated deadline will threaten each of these dates, and in turn, may threaten the continued viability of the current trial date of March 18, 2014.

Further, if the regular timeline for motion hearing on this issue is required, the motion could not be heard prior to significant additional expert discovery, in order to meet the current deadlines relating to expert and fact discovery.  Checkpoint will be required to pay substantial sums for expert report preparation, document review, preparation for taking depositions of Plaintiff's experts, preparing for and defending

depositions by Plaintiff of Checkpoint's rebuttal experts, and court reporter and transcript fees. While in ordinary circumstances, these costs must be borne as required, here it would be nothing short of wasteful to require Checkpoint to bear these costs where Plaintiff's disclosure is presumptively invalid for failure to comply with Rule 26(a)(2). The majority of these costs, including legal fees, may not be recoverable through a bill of costs even if and when Checkpoint prevails in this action.

## IV. CONCLUSION

For the forgoing reasons, including that Checkpoint will suffer irreparable injury, both through wasted resources that may not be recoverable, and, even more importantly, through inability adequately and timely to offer rebuttal evidence in response to the faulty disclosures, Checkpoint respectfully requests that this Court grant Checkpoint's motion and strikes Plaintiff's "expert reports" and precludes Plaintiffs' experts from offering opinions at trial.

In the alternative, Checkpoint requests that the Court enter an order shortening time for Checkpoint's motion to strike/exclude, accept this memorandum as Checkpoint's opening brief, and set an expedited briefing schedule and a hearing (if the Court wants oral argument) as soon as practicable.

Dated: September13, 2013

TATRO TEKOSKY SADWICK LLP

By: */s/ Steven R. Tekosky*
Steven R. Tekosky, Esq.
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2013, I electronically filed

***EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORTS AND EXCLUDE PLAINTIFF'S EXPERTS FROM TESTIFYING AT TRIAL OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME FOR DEFENDANTS' MOTION TO STRIKE AND EXCLUDE; MEMORANDUM OF POINTS AND AUTHORITIES**

**with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:**

George L. Hampton IV
Colin C. Holley
Jeremy T. Katz
HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona Del Mar, California 92625
Telephone: (949) 718-4550
Fax: (949) 718-4580

/s/ *Karen L. Roberts*
Karen L. Roberts