1 | George L. Hampton IV (State Bar No. 144433)
Colin C. Holley (State Bar No. 191999)
2 | Jeremy T. Katz (State Bar No. 267361)
HAMPTONHOLLEY LLP
3 | 2101 East Coast Highway, Suite 260
Corona del Mar, California 92625
4 | Telephone: 949.718.4550
Facsimile: 949.718.4580
5 | E-mail: ghampton@hamptonholley.com

6 | Attorneys for Plaintiff and Counterdefendant
GLOBAL TRIM SALES, INC.

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

| | |
|---|---|
| GLOBAL TRIM SALES, INC., a California corporation, | Case No. SACV 12-01314-JST (RNBx) |
| Plaintiff, | JUDGE:  Hon. Josephine Staton Tucker |
| v. | **PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES, OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME ON A MOTION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES; MEMORANDUM OF POINTS AND AUTHORITIES** |
| CHECKPOINT SYSTEMS (UK) LTD., a United Kingdom limited company; et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM. | |
| | *[Declaration of George L. Hampton IV filed concurrently herewith]* |

TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff and counterdefendant Global Trim Sales, Inc. ("Global Trim") applies *ex parte*, pursuant to Local Rule 7-19, for an order to continue the discovery cut-off, as well as all remaining pre-trial and trial dates.  In the alternative, Global Trim asks the Court to shorten time on a motion to continue the discovery cut-off, pre-trial and trial dates.

4819-8580-4309 - v. 2

1    The grounds for this application are as follows:

2    1.      The current trial date is March 18, 2014 and the current final pretrial

3    conference date is February 28, 2014 per the Order Setting Case Management Dates

4    entered by the Court on January 9, 2013;

5    2.      The discovery cut-off for both fact and expert discovery is November 8,

6    2013;

7    3.      Global Trim believes that good cause exists for the continuance of the

8    discovery cut-off and pretrial deadlines:

9    A.      The parties have not yet completed their document productions

10   and are currently exchanging millions of pages of documents as part of a rolling

11   production by both sides.  For example, on August 28, 2013, defendants produced

12   approximately 120,000 pages of documents to Global Trim.  In addition, Global

13   Trim anticipates producing approximately 320,000 additional documents consisting

14   of approximately 1.5 million pages to defendants over the next two to three weeks.

15   B.      Under the current deadlines, expert disclosures and reports were

16   due on August 30, 2013, just one day after Global Trim received defendants' more-

17   than-120,000-page production.  Under the current deadlines, Global Trim was not

18   afforded sufficient time to review and analyze these documents, let alone provide

19   pertinent documents to its experts so that evidence contained therein could be

20   incorporated into the experts' analysis.

21   C.      Global Trim anticipates filing motions to compel further

22   production of documents against two third-party witnesses.

23   D.      Global Trim requires additional time to complete vitally

24   important depositions of certain party and third-party witnesses in Hong Kong.

25   Because Global Trim was required to go through the process of seeking the third-

26   party depositions by way of Letters of Request, and will need to work with the Hong

27   Kong government to secure the testimony of the third-party witnesses, it is highly

28   unlikely that these depositions can be completed before the current discovery cut-off.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

2

Moreover, not only is the documentary and testimony evidence to be obtained from these Hong Kong witnesses highly relevant to the issue at trial, it is also highly relevant to the matters that are the subjects of Global Trim's experts' reports. Should the current deadlines stand, it will not be possible for Global Trim to obtain evidence that is necessary for a fair, just and complete resolution of this case. Nor will it be possible for Global Trim's experts to issue complete reports that include the information currently in the possession, custody and control of Hong Kong witnesses.

For the above reasons, Global Trim proposes the following modified schedule of pretrial and trial dates:

| Matter | Current Date (weeks before trial) | Proposed Date (weeks before trial) |
|---|---|---|
| Fact Discovery Cut-Off | Nov. 8, 2013 (19 weeks) | May 5, 2014 (25 weeks) |
| Initial Expert Reports | Aug. 30, 2013 (29 weeks) | June 2, 2014 (19 weeks) |
| Rebuttal Expert Reports | Sep. 29, 2013 (25 weeks) | July 2, 2014 (15 weeks) |
| Expert Discovery Cut-Off | Nov. 8, 2013 (19 weeks) | Aug. 16, 2014 (9 weeks) |
| Last Day to Conduct Settlement Proceedings | Jan. 10, 2014 (11 weeks) | July 20, 2014 (11 weeks) |
| Last Day for Law and Motion Hearings (Friday at 2:30 p.m.) | Nov. 22, 2013 (17 weeks) | August 30, 2014 (7 weeks) |
| Final Pre-Trial Conference | Feb. 28, 2014 (3 weeks) | Sept. 26, 2015 (3 weeks) |
| Exhibit Conference | March 14, 2014 (Friday before trial) | Oct. 10, 2014 (Friday before trial) |
| Jury Trial (Tuesday at 9:00 a.m.) | March 18, 2014 | Oct. 14, 2014 |

This *ex parte* application is based upon the attached memorandum of points and authorities, the declaration of George L. Hampton IV filed concurrently herewith, and the Court records and file herein.

3

4819-8580-4309 - v. 2

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1   Global Trim provided timely notice of this *ex parte* application to defendants
2   and their counsel as required by Local Rule 7-19.1.  Defendants have stated that they
3   oppose this application.

4   Pursuant to Local Rule 7-19, the following are the names, email addresses,
5   address, and telephone number of opposing counsel:

6   Steven R. Tekosky (stekosky@ttsmlaw.com)

7   Tom Reiber (tom@tomreiber.com)

8   Paul Foust

9   Tatro Tekosky Sadwick LLP

10   333 S. Grand Avenue, Suite 4270

11   Los Angeles, CA 90071

12   (213) 225-7171

13   ***Defendants Are Hereby Notified that Any Opposition to this Ex Parte***
14   ***Application Must Be Filed No Later Than 24 Hours Following Service of the Ex***
15   ***Parte Application, Pursuant to this Court's Initial Standing Order Dated***
16   ***September 24, 2012 [ECF Doc. No. 12].***

17

18   Dated:  September 16, 2013          HAMPTONHOLLEY LLP

19

20                                                  By: _____
21                                                        George L. Hampton IV
                                                          Attorneys for Plaintiff and Counterdefendant
22                                                        GLOBAL TRIM SALES, INC.

23

24

25

26

27

28

4819-8580-4309 - v. 2

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff and counterdefendant Global Trim Sales, Inc. ("Global Trim") applies *ex parte* for an order continuing the trial date and other related dates, including the fact and expert discovery cut-off.

A continuance is necessary for a number of reasons.  Documentary discovery between the parties has been unexpectedly voluminous, numbering in the hundreds of thousands of documents (and approaching 2 million pages), and as a result, additional time is needed to complete the fact discovery and expert report and discovery processes.

Moreover, there have been several unavoidable delays in discovery directed toward non-party witnesses.  Most significantly, Global Trim must take the depositions of third-party witnesses located in Hong Kong.  Because the procedures for service of subpoenas on non-cooperative witnesses overseas is time-consuming, it is likely that, unless the discovery deadlines are continued, Global Trim will be unable to obtain this discovery, which is vitally important to Global Trim's claims herein, from these percipient witnesses.

Accordingly, Global Trim proposes the following changes to the current case management schedule:

| Matter | Current Date (weeks before trial) | Proposed Date (weeks before trial) |
|---|---|---|
| Fact Discovery Cut-Off | Nov. 8, 2013 (19 weeks) | May 5, 2014 (25 weeks) |
| Initial Expert Reports | Aug. 30, 2013 (29 weeks) | June 2, 2014 (19 weeks) |
| Rebuttal Expert Reports | Sep. 29, 2013 (25 weeks) | July 2, 2014 (15 weeks) |
| Expert Discovery Cut-Off | Nov. 8, 2013 (19 weeks) | Aug. 16, 2014 (9 weeks) |
| Last Day to Conduct Settlement Proceedings | Jan. 10, 2014 (11 weeks) | July 20, 2014 (11 weeks) |

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4819-8580-4309 - v. 2

| Matter | Current Date (weeks before trial) | Proposed Date (weeks before trial) |
|---|---|---|
| Last Day for Law and Motion Hearings (Friday at 2:30 p.m.) | Nov. 22, 2013 (17 weeks) | August 30, 2014 (7 weeks) |
| Final Pre-Trial Conference | Feb. 28, 2014 (3 weeks) | Sept. 26, 2015 (3 weeks) |
| Exhibit Conference | March 14, 2014 (Friday before trial) | Oct. 10, 2014 (Friday before trial) |
| Jury Trial (Tuesday at 9:00 a.m.) | March 18, 2014 | Oct. 14, 2014 |

## II.   RELEVANT FACTS AND CASE STATUS

Global Trim filed its complaint on August 14, 2012 [ECF Doc. No. 1]. The Court issued an Order Setting Case Management Dates (the "Scheduling Order") on January 9, 2013, specifying among other things, that the discovery cut-off for fact and expert discovery is November 8, 2013, with a jury trial set for March 18, 2014 [ECF Doc. No. 23].

### A.   Status of Party Discovery

Global Trim has worked diligently to move the case forward, issuing party discovery in early February 2013, and non-party discovery in mid-February 2013. (Declaration of George L. Hampton, IV filed concurrently herewith ("Hampton Decl."), ¶¶ 2-3.) Similarly, defendants issued party discovery in mid-February 2013. (Hampton Decl., ¶ 4.)

Because of the tremendous volume of emails and other electronic discovery involved in this case, the parties have each worked with e-discovery vendors in an attempt to produce responsive documents as quickly and efficiently as possible. (Hampton Decl., ¶ 5.) The parties have mutually engaged in rolling productions, but it was not until August 2013 that the parties began to exchange large volumes of documents. (Hampton Decl., ¶¶ 7, 9-10.) On August 29, 2013, Global Trim received a production from defendants comprised of more than 120,000 pages.

2

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1 (Hampton Decl., ¶ 10.)  That was only one day before the expert disclosure deadline;

2 as a result Global Trim's damages expert was forced to issue a preliminary report

3 without the documentation necessary to calculate defendants' profits, gains and

4 advantages derived from defendants' breaches of contract.  (Hampton Decl., ¶ 10.)[1]

5      In addition, Global Trim is currently rolling out a large production of

6 approximately 320,000 additional documents (approximately 1.5 million pages) to be

7 produced to defendants.  (Hampton Decl., ¶ 8.)  8,835 of those documents

8 (approximately 40,000 pages) were produced to defendants on September 13, 2013,

9 and the remaining approximately 311,000 documents are being processed by Global

10 Trim's e-discovery vendor and will be produced in batches over the next two to three

11 weeks.  (*Id.*)

12 **B.**   **Status of Third-Party Discovery**

13      There have also been significant, unavoidable delays in obtaining third-party

14 discovery from companies under the Vanity Fair ("VF") corporate umbrella.

15 **1.**   ***Domestic Third-Party Discovery***

16      On February 15, 2013, Global Trim served a subpoena for documents and

17 testimony on third-party VF Outdoor, Inc. ("VF Outdoor").  (Hampton Decl., ¶ 11.)

18 On February 19, 2013, Global Trim served a subpoena for documents and testimony

19 on third-party Vans, Inc. ("Vans").  (*Id.*)

20

21

22 [1] Defendants have filed an *ex parte* application asking the Court to strike the report
by Global Trim's damages expert, Richard Squar, due to the preliminary nature of

23 the report.  In doing so, defendants ignore the fact that the expert did not have all of
the necessary information for a complete analysis due to the timing of *defendants'*

24 production, *i.e.,* the six months it took defendants to produce documents in response
to Global Trim's document requests. (Hampton Decl., ¶¶ 3, 9-10.)  Defendants did

25 not produce documents in response to Global Trim's document requests until early
August 2013, at which time they produced 1331 pages. (Hampton Decl., ¶ 9.)  This

26 was followed by a massive production of approximately 120,000 that was received
by Global Trim *only one day before expert reports were due.* (Hampton Decl., ¶ 10.)

27 Whether it was intentional or unintentional, the fact remains that it was defendants
who created circumstances leading to Mr. Squar's preliminary report.  At any rate, if

28 the pre-trial deadlines are continued, defendants' *ex parte* application will be mooted.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

*EX PARTE* APPLICATION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES

4819-8580-4309 - v. 2

1    Global Trim worked diligently with counsel for VF Outdoor and Vans in an
2  attempt to obtain the requested documents and testimony.  (Hampton Decl., ¶ 12.)
3  VF Outdoor produced documents and a person most knowledgeable witness,
4  Christopher Chung.  (*Id.*)  It was clear, however, that many responsive documents
5  were withheld, including internal communications within the VF family regarding
6  the transactions that are at the heart of this action.  (*Id.*)

7    In an effort to reduce the burden on these third parties by refining its document
8  requests, Global Trim served amended deposition subpoenas on VF Outdoor and
9  Vans on or about June 14, 2013.  (Hampton Decl., ¶ 13.)

10    Vans, however, did not produce any documents in response to Global Trim's
11  original subpoena, and only produced documents in response to the amended
12  subpoena on August 20, 2013.  (Hampton Decl., ¶ 22.)  Even then, Vans produced
13  only 114 pages, wholly ignoring the vast majority of the document requests.  (*Id.*)
14  Specifically, the production consisted of a three-page spreadsheet that Vans obtained
15  from VF Asia that purportedly shows some of the sales of goods from defendants to
16  Vans, and 111 pages of 2013 email correspondence between Vans and defendants.[2]
17  (*Id.*)

18    Vans produced a person-most-knowledgeable witness for deposition on
19  September 11, 2013.  (Hampton Decl., ¶ 23.)  The witness, Jessica Cooper, testified
20  that *she had not seen the subpoena that was served on Vans until the morning of the*
21  *deposition* (which commenced at 9:00 a.m.) and was unprepared to discuss the
22  deposition topics listed in the subpoena.  (Hampton Decl., ¶ 23, Ex. A at p. 7.)  Ms.
23  Cooper also testified that she had overseen the process of assembling the documents
24  to be produced in response to the subpoena – a subpoena she had never seen.
25  (Hampton Decl., ¶ 23, Ex. A at pp. 7, 11-12, 28.)

26

27  [2] The subpoena sought documents dating from 2008 to the present.  (Hampton Decl.,
28  ¶ 22.)

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1    Ms. Cooper's testimony revealed that Vans is withholding relevant responsive
2 documents. Specifically, Ms. Cooper testified that Vans failed to produce relevant,
3 responsive documents, including: (1) documents from VF Asia that are located in the
4 Vans office; (2) internal communications between Vans and VF Asia; and (3) all
5 relevant and responsive documents that are not emails. (Hampton Decl., ¶ 26, Ex. A
6 at pp. 17-18, 20, 31.) Ms. Cooper testified that she did not assemble *any* of these
7 responsive documents for production because Vans' attorney only asked her to locate
8 direct communications between herself and Checkpoint. (Hampton Decl., ¶ 26, Ex.
9 A at pp. 12, 17-19, 28.)

10    Vans' recent document production and testimony have made it apparent to
11 Global Trim that neither Vans nor VF Outdoor is willing to substantively cooperate
12 with the subpoena process or produce the requested documents. (Hampton Decl., ¶
13 28.) Accordingly, Global Trim will almost certainly have no choice but to seek an
14 order compelling those companies' compliance. (*Id.*)

15        **2.    *International Third-Party Discovery***

16    VF Asia, which is run out of Hong Kong, would not agree to produce
17 documents or witnesses requested by Global Trim without a court order. (Hampton
18 Decl., ¶ 18.) As confirmed by VF Outdoor Inc.'s responses to Global Trim's
19 discovery in this action, as well as discussion with VF's counsel, VF Asia has within
20 its possession, custody and control a large number of relevant and responsive
21 documents pertaining to the business transactions that are at the heart of this lawsuit.
22 (Hampton Decl., ¶ 14.) Likewise, the VF Asia witnesses have direct knowledge of,
23 and directly participated in, the business dealings and transactions at the heart of this
24 dispute, and their depositions are necessary to show:

25        • the timing and extent of defendants' wrongful solicitation of VF Outdoor
26          Inc. dba JanSport ("JanSport") and Vans in violation of defendants'
27          contractual agreements;

28

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

5

1
2
3

- defendants' wrongful use of Global Trim's confidential business information to solicit JanSport and Vans; and

- the amount of Global Trim's damages.

4 (Hampton Decl., ¶¶ 14-17.) Accordingly, Global Trim began the process of seeking
5 this discovery by moving the Court to issue letters of request for four witnesses
6 affiliated with VF Asia: T.S. Cheah, Linda Lee, Tracy Mann and Bee Potibouthong
7 [Motion to Issue Letters of Request for International Judicial Assistance Re: Taking
8 Depositions in Hong Kong, ECF Doc. No. 37].

9       T.S. Cheah is the vice president for Asia Sourcing for VS Asia, and is
10 responsible for VF Asia's decision to replace Global Trim with defendants as a
11 vendor. Mr. Cheah is expected to testify regarding the timing and nature of
12 communications between VF Asia and defendants in violation of the contracts at
13 issue in this litigation; communications between VF Asia and Global Trim regarding
14 sourcing and pricing; VF Asia's processes for product submission, design and
15 specification; and the timing and process VF Asia used to countersource products
16 from defendants.

17       Tracy Mann works for VF Asia. Ms. Mann was responsible for
18 "countersourcing" products (*i.e.*, finding alternate suppliers for the products VF sold
19 under brands such as Vans and JanSport). Ms. Mann was the primary contact
20 between defendants and VF Asia regarding the countersourcing of Global Trim's
21 labels. Defendants provided Ms. Mann, who in turn provided VF Outdoor, with
22 samples of defendants' products that were "virtually identical" to Global Trim's
23 products. In 2011, Ms. Mann presented VF Outdoor with a spreadsheet comparing
24 prices from Global Trim and prices from defendants. Accordingly, Ms. Mann's
25 testimony will provide evidence regarding the timing of communications between
26 defendants and VF Asia, defendants' wrongful use of Global Trim's confidential
27 business information, technology and products; and the extent to which VF Asia's
28

HAMPTON HOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

*EX PARTE* APPLICATION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES

4819-8580-4309 - v. 2

1  decisions to change suppliers from Global Trim to defendants was based on
2  defendants supplying "virtually identical" labels to VF Asia.

3      Bee Potibouthong was on the sourcing team for VF Asia. Ms. Potibouthong
4  was present for a tour of defendants' facilities during which VF Outdoor saw
5  defendants' looms making labels for VF Outdoor. Global Trim is informed and
6  believes that Ms. Potibouthong received from defendants several samples of Global
7  Trim's products bearing defendants' identifying mark.

8      Linda Lee is a primary contact between VF Asia and Global Trim with regard
9  to the "Vans" brand. Ms. Lee is expected to testify about her communications
10 defendants during the time in which (1) defendants were contractually barred from
11 soliciting VF Asia's business, and (2) defendants were contractually obligated to
12 disclose to Global Trim all communications with VF Asia.

13     Global Trim's motion to issue letters of request was granted by minute order
14 on September 3, 2013 [ECF Doc. No. 42]. Global Trim is currently going through
15 the appropriate government channels in Hong Kong to secure documents and
16 testimony from these witness. (Hampton Decl., ¶ 20.) Global Trim has been
17 informed by several international service of process service providers that the current
18 time frame for obtaining evidence in Hong Kong through letters of request and the
19 Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or
20 Commercial Matters ("Hague Evidence Convention") is at *minimum* four months,
21 and may be as long as one year. (Hampton Decl., ¶ 21.) Consequently, the
22 subpoenas will not be served on the VF Asia witnesses until after the current
23 discovery cut-off of November 8, 2013, and possibly not until after the current trial
24 date of March 18, 2014. (*Id.*)

25     Between the volume of document discovery and the unavoidable delays in
26 obtaining this crucial domestic and foreign third-party discovery, it became clear to
27 Global Trim that a continuance would be in the best interests of all parties, and the
28 matter was discussed between the parties. (Hampton Decl., ¶ 29.) Defendants'

HAMPTON HOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1  counsel asked Global Trim's attorneys for a specific proposal, and Global Trim's

2  attorneys sent a proposed continuance schedule on August 15, 2013. (Hampton

3  Decl., ¶ 29, Ex. B.) On August 26, 2013, after defendants' counsel discussed the

4  matter with defendants, they informed counsel for Global Trim that defendants

5  would not stipulate to a continuance. (Hampton Decl., ¶ 30, Ex. C.)

6  **III.    GOOD CAUSE EXISTS TO CONTINUE THE DISCOVERY CUT-OFF,**

7  **PRETRIAL CONFERENCE AND TRIAL DATES**

8          The decision to grant or deny a requested continuance lies within the broad

9  discretion of the district court. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.

10  1985). The Ninth Circuit has recognized four relevant factors governing the review

11  of a motion for a continuance: (1) the diligence exercised by the party requesting the

12  continuance; (2) the likelihood that the need for the continuance would be met by a

13  grant of the continuance requested; (3) inconvenience of continuance to the opposing

14  parties; and, (4) the extent of prejudice. *Danjaq LLC v. Sony Corp.*, 263 F. 3d 942,

15  961 (9th Cir. 2001); *Flynt*, 756 F.2d at 1358-62. Here, all the relevant factors weigh

16  in favor of granting the requested continuance.

17          First, Global Trim has been diligent in pursuing its claims and in attempting to

18  move the litigation along, but the sheer volume of party discovery and the unforeseen

19  delays related to domestic and international third-party discovery have necessitated

20  this request. (Hampton Decl., ¶¶ 2-28.)

21          Second, the continuance is useful and necessary to complete discovery. It has

22  recently become clear that the domestic VF witnesses will not comply with

23  subpoenas unless ordered to do so by the Court; consequently, Global Trim must

24  pursue this discovery by filing a motion to compel. In addition, considering the

25  current four-to-twelve month time frame to complete service through the Hague

26  Evidence Convention in Hong Kong, it will be impossible for Global Trim to

27  complete the depositions of the VF Asia witnesses or to obtain the requested relevant

28  and crucial documents from VF Asia for use at trial within the confines of the current

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1  deadlines. (Hampton Decl., ¶ 21.)  Nor will it be possible for Global Trim's experts
2  to obtain, review and analyze the documents necessary for a complete analysis of the
3  issues without the requested continuance.

4       Third, there is little to no inconvenience to defendants.  Indeed, defendants
5  will similarly benefit from the additional time to review and analyze the voluminous
6  party discovery.

7       Fourth, there is no prejudice to defendants.  Prejudice occurs when the
8  opposing party is unfairly surprised by the pleading.  However, "[b]ald assertions of
9  prejudice cannot overcome the strong policy . . . to facilitate a proper disposition on
10 the merits." *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981)
11 (overturning the denial of leave to amend).  Here, defendants will not be prejudiced
12 by a six-month continuance of the discovery cut-off and seven-month continuance of
13 the trial date.  Notably, the continued pre-trial deadlines and trial date sought by this
14 application are still earlier in time than the case management schedule first proposed
15 by defendants – who originally requested that the fact discovery cut-off be set for
16 May 1, 2014, the expert discovery cut-off for February 23, 2015, and for the trial
17 date to be set for September 8, 2015.  (*See* Joint Rule 26(f) Report [ECF Doc. No.
18 22], p. 8.)

19      In contrast, should the Court deny this request for a continuance, the prejudice
20 to Global Trim will be grave, as Global Trim will be denied the opportunity to gather
21 evidence necessary to prove up its claims and the extent of its damages, evidence that
22 is necessary for a fair, just and complete resolution of this action.

23
24
25
26
27
28

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

*EX PARTE* APPLICATION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES

4819-8580-4309 - v. 2

## IV.   **CONCLUSION**

For the foregoing reasons, Global Trim respectfully requests that this Court issue an Order continuing the discovery cut-off, pretrial and trial dates.

Dated:  September 16, 2013                    HAMPTONHOLLEY LLP

By: _____
George L. Hampton IV
Attorneys for Plaintiff and Counterdefendant
GLOBAL TRIM SALES, INC.

## CERTIFICATE OF SERVICE

On September 16, 2013, I electronically filed the foregoing

**PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES, OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME ON A MOTION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES; MEMORANDUM OF POINTS AND AUTHORITIES**

using the CM/ECF system which will send notification of such filing to the following registered CM/ECF User(s), among which are counsel of record for all other parties:

Steven R. Tekosky        [email address(es): stevetekosky@ttsmlaw.com, kray@ttsmlaw.com, kroberts@ttsmlaw.com]

I am unaware of any attorneys of record or parties in this action who are not registered for the CM/ECF system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Dated:  September 16, 2013          /s/ Colin C. Holley

_____
George L. Hampton IV (State Bar No. 144433)
ghampton@hamptonholley.com
Colin C. Holley (State Bar No. 191999)
cholley@hamptonholley.com
Jeremy T. Katz (State Bar No. 267361)
jkatz@hamptonholley.com
HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625
Telephone:  949.718.4550
Facsimile:  949.718.4580

4849-8309-0709, v. 1