Steven R. Tekosky (State Bar No. 102918)
Juliet A. Markowitz (State Bar. No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
Email: stevetekosky@ttsmlaw.com
       jmarkowitz@ttsmlaw.com

Attorneys for Defendants
Checkpoint Systems UK Ltd,
Checkpoint Systems, Inc., and
Brilliant Label Manufacturing Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL TRIM SALES, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHECKPOINT SYSTEMS (UK) LTD., a United Kingdom limited company; CHECKPOINT SYSTEMS, INC., a Pennsylvania corporation; and BRILLIANT LABEL MFG. LTD., a Hong Kong limited company, <br><br> Defendants. | Case No. SACV 12-01314 - JLS (RNBx) <br><br> **DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER TO AMEND CASE MANAGEMENT ORDER TO MOVE THE TRIAL DATE AND PERMIT HEARING SUMMARY JUDGMENT MOTIONS ON COURT'S FIRST OPEN HEARING DATE;** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hon. Josephine L. Staton |

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

# EX PARTE APPLICATION

Defendants Checkpoint Systems UK Ltd, Checkpoint Systems, Inc., and Brilliant Label Manufacturing Ltd. (collectively "Checkpoint") respectfully request an order amending the Scheduling Order (1) to allow Checkpoint to notice its motions for summary judgment to be heard on August 8, 2014 (which is three weeks after the current deadline to hear motions in the current Scheduling Order) or to be heard on another date convenient for the Court, (2) to move the final pretrial conference and trial dates (currently set for August 15 and 26, respectively) by a corresponding three weeks (or by a corresponding extension if the hearings are set later than August 8), and (3) reversing its order (Doc. 90) striking Checkpoint's motion for summary judgment on its counterclaim against Global Trim Sales, Inc. ("GTS"), which motion was filed on May 30, 2014 and is noticed for hearing on August 8, 2014.

Good cause exists for such an order, for the following reasons:

1.      Under the current Scheduling Order, the deadline to file motions has not yet passed, and Checkpoint can and will file its motions well in advance of the deadline. (That is, the current deadline is June 20, 2014, *i.e.*, 28 days before the July 18, 2014 deadline for hearings on law and motion matters.).

2.      Checkpoint should not be deprived of its right under the Federal Rules of Civil Procedure to file a summary judgment motion for the reason that the Court's calendar is impacted.  Although Checkpoint believes strongly that its motions for summary judgment will eliminate (or, at a minimum, significantly narrow) the issues to be tried in this case, Checkpoint cannot notice its motions to be heard on the current hearing deadline of July 18, 2014, because that date is closed on the Court's calendar and has been for some time (Checkpoint understands that date has been closed since, or very shortly after, the parties received the Court's ruling on GTS's motion to reopen fact and expert discovery and continue all current deadlines, as discussed below).

3.      It would have been impractical, as well as improper, for Checkpoint to have filed its summary judgment motions while GTS's motion to reopen fact and expert

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

1

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

discovery and continue all current deadlines was pending, for the reasons explained in the accompanying Memorandum of Points and Authorities.

Specifically, the facts are as follows: in light of the Court's admonition that parties should, if possible, provide more than the minimum 28-days' notice of a motion for summary judgment, Checkpoint was diligently preparing both a motion for summary judgment on the claims against it by plaintiff GTS, and a motion for summary judgment on its counterclaims against GTS. Checkpoint was planning to file the motions in about April 2014, following receipt of GTS's expert reports in March 2014, and well in advance of the July 18, 2014 deadline for hearings on motions.

However, on March 28, 2014, GTS filed a Motion to Reopen Fact Discovery and Extend Certain Case Management Dates. Docs. 63 & 67. GTS noticed its motion to be heard on May 16, 2014. *Id.* In its motion to re-open discovery, GTS argued that it had not had the opportunity to discover information necessary to prosecute its claims. *See* Doc. 63-1 at 1, 8-11, and *passim.* Further, although GTS did not file with its motion an affidavit specifically referencing Federal Rule of Civil Procedure 56(f), GTS's counsel filed a declaration stating that GTS needed to conduct additional discovery, and that GTS believed it had not yet had the opportunity to discover all facts necessary to support its claims. *See* Doc. 63-2 at ¶¶ 2, 40-41, 43, 45 and 48. While Checkpoint disputed GTS's assertions, GTS's motion thus raised with the Court significant questions as to whether GTS had sufficient opportunity to develop facts upon which it would need to rely to oppose any motion for summary judgment from Checkpoint.

In light of GTS's motion, Checkpoint did not know whether fact discovery would be reopened, whether previously completed depositions would be reconvened or whether new depositions of additional witnesses would be conducted. In addition, Checkpoint did not know whether GTS would be permitted to serve new expert reports, potentially setting forth new and different opinions, and potentially relying upon new and different facts, in place of those it had served on March 10, 2014. This was not a hypothetical concern: the opinions of GTS's damages expert, Richard Squar,

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

2

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

had changed fairly significantly between his first report dated August 30, 2013 and his revised report dated March 10, 2014 (and then changed again, albeit less significantly, in yet another report GTS served on April 8, 2014). **_Because both of Checkpoint's motions cite to, and rely on, the most recent report of Mr. Squar_**, as well as on the facts adduced during discovery – all of which potentially could change (in the case of expert opinions) or be supplemented (in the case of the facts) if GTS's then-pending motion was granted – Checkpoint could not reliably finalize or file its motions for summary judgment until the Court ruled on GTS's motion.

On May 14, 2014, the Court denied GTS's motion.  Doc. 78.  Checkpoint accordingly prepared, and sent to GTS within a few days, a detailed, five-page meet and confer letter addressing the substance of Checkpoint's anticipated summary judgment motions, as required by Local Rule 7-3.  On Friday, May 23, 2014, GTS responded to Checkpoint's letter, disagreeing with all of Checkpoint's arguments and declining to stipulate to dismissal or entry of judgment as to any of its claims or as to Checkpoint's counterclaim.  Accordingly, on that same day, counsel for Checkpoint checked the Court's motion calendar, but discovered that all available hearing dates through July 18, 2014 were closed.  Checkpoint called the Court's clerk, but was told that it could not notice its motions for a closed hearing date without the Court's permission; the clerk suggested that Checkpoint notice its motion for the first available hearing date, but Checkpoint was concerned about doing so without at least requesting permission from the Court first.

Immediately after speaking with the clerk, on Friday afternoon, May 23, 2014, counsel for Checkpoint called counsel for GTS to see if the parties could stipulate to the relief requested.  On Wednesday, May 28, following the Memorial Day holiday weekend, counsel for GTS responded and the parties were able to agree upon a briefing schedule for summary judgment motions.  The parties prepared and filed a stipulation and proposed order that same day, which was designed to alleviate the difficulties caused by the Court's busy calendar.  Docs. 79 & 79-1.

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

3

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

On Friday, May 30, 2014, Checkpoint filed a motion for summary judgment on its counterclaims against GTS and requested, pursuant to the May 28 stipulation, a hearing date of August 8, 2014, which was the first available date on the Court's calendar.  Docs. 81-88.  On Tuesday, June 3, 2014, the Court denied the parties' stipulation and request for an Order setting a briefing schedule, and rejected Checkpoint's motion for summary judgment as "untimely."  Docs. 89 & 90.

Given these circumstances, Checkpoint respectfully submits that it should not be deprived of the opportunity to file summary judgment motions and have the issues that are now ripe for adjudication by the Court addressed before trial.  Checkpoint very strongly believes that both of its motions for summary judgment have merit and will serve to significantly narrow – if not eliminate entirely – the issues to be tried in this case.  Because, however, the next available hearing date is after the current case management deadline for hearings on motions, and because the Court has denied the parties' requested stipulation to amend the schedule (in part because it would necessitate a corresponding extension of the trial date, which the parties did not request), Checkpoint brings the instant *ex parte* application, respectfully requesting an Order (1) amending the case management schedule (pursuant to the parties' stipulation) to allow a hearing on Checkpoint's motions for summary judgment on August 8, 2014 or whatever date is convenient for the Court, (2) continuing the final pretrial conference and trial dates (currently August 15, 2014 and August 26, 2014, respectively) by a corresponding number of weeks (3 if the hearing is on August 8; more if the hearing is later), and (3) reversing its order (Doc. 90) striking Checkpoint's motion for summary judgment on its counterclaim against GTS, which motion was filed on May 30, 2014 and is noticed for hearing on August 8, 2014 .

Checkpoint is prepared to file its motions in time to provide GTS **more** than the minimum amount of time to oppose the motions, and **more** that the time stipulated to by the parties to oppose the motions.  GTS thus will in no way be prejudiced by the relief requested in (1) and (3) above.  With respect to the relief requested in (2), above, a

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

4

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

brief (few week) continuance of the pretrial conference and trial dates will not prejudice GTS inasmuch as it just requested a four-month continuance of both dates in its recent motion, asking to move both to December 2014. [1]

In contrast, if this motion is denied, Checkpoint – which is still within the deadline to file motions under the current Scheduling Order (if the Court's calendar were not so severely impacted) – would be significantly and unfairly prejudiced, in that it will be denied all opportunity to have its motions for summary judgment heard and addressed before proceeding to trial.  Such result will also impose a burden on the Court, inasmuch as Checkpoint very strongly believes its motions have merit, and will eliminate or, at a minimum, significantly narrow the issues to be tried.

Dated:  June 4, 2014                          TATRO TEKOSKY SADWICK LLP


By:   /s/ Steven R. Tekosky
        Steven R. Tekosky, Esq.
        Attorneys for Defendants

---

[1] Immediately upon receipt of the Court's June 3 order denying entry of the proposed order on the parties' stipulation, counsel for Checkpoint contacted GTS to see whether it would stipulate to the additional relief requested herein, *i.e.*, a brief (few week) continuance of the pretrial conference and trial dates.  Although GTS had just filed a motion requesting a ***several month*** continuance of both dates, GTS responded the next day (*i.e.*, today) that it will not agree to Checkpoint's requested continuance of the trial date, and that it will oppose this *ex parte* application

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

5
DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   FACTS

Pursuant to the case management schedule entered by the Court, the fact discovery cut-off was February 24, 2014, initial expert reports were due on March 10, 2014, and the last day to hear summary judgment motions is July 18, 2014.  Doc. 52. With the close of fact discovery, Checkpoint determined that facts had not been established that would excuse GTS from paying for the goods GTS ordered, nor had facts been developed that would impose on Checkpoint liability for any of GTS's claims against it.  Checkpoint therefore began preparing summary judgment motions, which it expected could be filed in or about early April, after it received the final transcripts of the depositions taken in this case, and after GTS prepared and served its expert witness reports, including the report from GTS's damages expert setting forth the scope of and bases for the damages GTS is seeking from Checkpoint in this action.  Declaration of Paul B. Foust in Support of Defendants' Ex Parte Application ("Foust Decl."), ¶ 2.[2] On March 10, 2014, GTS served its "updated" expert reports, including a report by its damages expert, Richard Squar, which was significantly different from the previous report disclosed by GTS.  *Id.* ¶ 3.  This new report offered brand new damages theories and relied upon facts not previously disclosed.  *Id.*

As Checkpoint was preparing its motions, on March 28, 2014, GTS filed a Motion to Reopen Fact Discovery and Extend Certain Case Management Dates, setting the hearing date for May 16, 2014.  Docs. 63 & 67.  Accompanying this motion, GTS submitted a declaration by its counsel, George Hampton, declaring, under penalty of

---

[2] GTS's damages expert's report is relevant not just to Checkpoint's motion for summary judgment on GTS's claims against Checkpoint, but also is relevant to Checkpoint's counterclaim against GTS, which seeks damages for products that GTS ordered and accepted from Checkpoint but refused to pay for.  GTS's damages expert sets forth in his report the value of the portion of those product that GTS was unable to sell to its customers, which value is relevant to the issues in Checkpoint's motion for summary judgment on its counterclaims against GTS.  Foust Decl. ¶ 4.

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

6

DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)

perjury, among other things, that GTS had not had the opportunity to conduct discovery on several areas that might support GTS's claims. *See* Doc. 63-2 at ¶¶ 2, 40-41, 43, 45 and 48. Likewise, GTS argued that it had not had the opportunity to discover information necessary to prosecute its claims and that the opinions of its damages expert, Richard Squar, might change yet again. *See* Doc. 63-1 at 1, 8-11, and *passim*. While Checkpoint disputed GTS's or its counsel's view about the opportunity to take discovery, Checkpoint believed that Mr. Hampton's declaration was, in sum and substance, equivalent to an affidavit pursuant to Federal Rule of Civil Procedure 56(d).[3]

On April 8, 2014, GTS served yet another expert disclosure, offering a third report by Mr. Squar which yet again altered Mr. Squar's damages opinion. Foust Decl. ¶ 5. This third expert disclosure stated that GTS "has not completed its investigation of all the facts relating to this case. Because fact-discovery is not yet complete, plaintiff anticipates that newly-discovered facts may come to light that are material to the above-identified experts' opinions. Should that occur, plaintiff will ask Mesrs. Squar and Romeo to provide supplemental reports addressing such newly-discovered facts." *Id.* ¶ 6.

Checkpoint, accordingly, did not know whether fact discovery would be reopened, whether previously-completed depositions would be reconvened, whether new depositions of additional witnesses would be conducted, whether such depositions – including depositions of third party witnesses in foreign jurisdictions – would reveal new facts, or whether GTS would be permitted to serve new expert reports in place of those it served on August 30, 2013, March 10, 2014 and April 8, 2014. Foust Decl. ¶ 7. Further, GTS's position regarding discovery was clear. GTS appeared to believe sincerely – albeit incorrectly – that it could develop additional facts to support its claims,

---

[3] This Rule provides as follows: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE**
**CASE NO. SACV 12 – 01314 JLS (RNBx)**

and submitted a declaration to this effect to the Court, under penalty of perjury.  Under these circumstances, Checkpoint believed that filing its motions for summary judgment might lead to a multiplication of proceedings that, while not ill intentioned or improperly motivated, might nevertheless violate the spirit, and possibly the letter, of the Civility and Professionalism Guidelines adopted by this Court.  Checkpoint thus believed it impractical, if not inappropriate, to file its motions for summary judgment when the evidence on which its motion relied might not be complete and might change significantly (in the case of GTS's damages expert), when the entire case management schedule might be extended by almost six months, as GTS requested, and when GTS already had submitted a declaration substantially similar to what would and could be filed pursuant to Rule 56(d).  *Id* . ¶ 9.

On May 14, 2014, the Court denied GTS's motion.  Doc. 78.  Checkpoint accordingly prepared, and sent to GTS within a few days thereafter, a detailed, five-page meet and confer letter addressing the substance of Checkpoint's anticipated summary judgment motions, as required by Local Rule 7-3.  Foust Decl. ¶ 10.  On Friday, May 23, 2014, GTS responded to Checkpoint's letter, disagreeing with all of Checkpoint's arguments and declining to stipulate to dismissal or entry of judgment as to any of its claims or as to Checkpoint's counterclaim.  *Id.* ¶ 11.  Accordingly, on that same day, counsel for Checkpoint checked the Court's motion calendar, but discovered that all available hearing dates through July 18, 2014 were closed.  *Id.* ¶ 12.  Checkpoint called the Court's clerk, but was told that it could not notice its motions for a closed hearing date without the Court's permission; the clerk suggested that Checkpoint notice its motion for the first available hearing date, but Checkpoint was concerned about doing so without at least requesting permission from the Court first.  *Id.* ¶ 13.

Immediately after speaking with the clerk, on Friday afternoon, May 23, 2014, counsel for Checkpoint called counsel for GTS to see if the parties could stipulate to the relief requested.  Foust Decl. ¶ 14.  On Wednesday, May 28, following the Memorial Day holiday weekend, counsel for GTS responded and the parties agreed on a briefing

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

8

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

schedule for summary judgment motions.  *Id*. ¶ 15.  The parties prepared and filed a stipulation and proposed order that same day which was designed to alleviate the difficulties caused by the Court's busy calendar.  Docs. 79 & 79-1.

On Friday, May 30, 2014, Checkpoint filed a motion for summary judgment on its counterclaims and requested, pursuant to the May 28 stipulation, a hearing date of August 8, 2014, which was the first available date on the Court's calendar.  Docs. 81-88.  On Tuesday, June 3, 2014, the court denied the parties' stipulation and request for an order setting a briefing schedule, and rejected Checkpoint's motion for summary judgment as "untimely."  Docs. 89 & 90.

## II.   **ARGUMENT**

### A.   **Checkpoint's Motions for Summary Judgment are Not Untimely**

Under the Central District of California's Civil Local Rules, a motion is considered timely if filed no later than twenty-eight days prior to the hearing date.  *See* Local Rule 6-1; *see also* Initial Standing Order at p.10 ("Whenever possible, the party moving for summary judgment should provide more than the minimum twenty-eight (28) day notice for motions.").  The current scheduling order provides that "[t]he last day for law and motion hearings shall be continued from November 22, 2013 (which is the current deadline to file motions, other than motions *in limine*), to July 18, 2014 (the deadline for *hearings* on motions, other than motions *in limine*)."  Doc. 52.  Thus Checkpoint understood that a motion for summary judgment would be timely if filed and served by June 20, 2014.

The Court's calendar, however, is impacted, and no hearing dates are available for upwards of two to three months.  Checkpoint understands that this is due to matters outside of Checkpoint's knowledge or control, such as, potentially, the number of matters before the Court, the complexity of those matters, the funding for Courts, the nomination and approval of judges to the Central District, and various other matters that might play a role in creating a busier-than-usual load on one particular Court.  Checkpoint further respectfully suggests that Checkpoint should not be deprived of its

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

9

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

important right to have motions for summary judgment heard before trial as a result of matters beyond Checkpoint's control.

A summary judgment motion is an important procedural right. Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc., Rule 56. The Federal Rules thus provide that where there is no genuine dispute as to any material fact, the parties have the *right* to make a motion for summary judgment. *See, e.g., Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (Where a complaint is sufficient to withstand a motion to dismiss, but the facts are not born out during discovery, "the defendant still retains the right to file a motion for summary judgment so that the further harassment of going to trial may be avoided."); *see generally INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 403 (6th Cir. 1987) (addressing "the right to file a motion for summary judgment"). District courts may promulgate their own local rules so long as those rules comport with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 83(a)(1); *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013). Checkpoint respectfully suggests that an interpretation of the Court's chamber rules which operates to deprive a party of its right to a summary judgment motion simply because the party could not accurately predict the future to know precisely when the Court's calendar would fill up would be inconsistent with the Federal Rules, and thus invalid. Fed.R.Civ.P. 83(a)(1). Therefore Checkpoint urges an interpretation of this Court's chamber rules which is consistent with the Federal Rules establishment of summary judgment as a right of the parties. *See Heinemann*, 731 F.3d at 916.

## B.   Checkpoint Could Not Have Filed its Motions Earlier

Through no fault of its own, Checkpoint finds itself in a conundrum. While Checkpoint was in the process of preparing to file its motions for summary judgment

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

10

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

after the fact discovery cutoff and submission of GTS's expert reports in March 2014, GTS filed a motion to re-open discovery and extend all case management dates, which motion was set for hearing on May 16, 2014.  Docs. 63 & 67.  Prior to the ruling on this motion, it was infeasible for Checkpoint to file dispositive motions because fact discovery and depositions might be re-opened, witnesses about whom Checkpoint has little, if any, knowledge might testify to new facts about which Checkpoint could not even speculate, and new expert reports might be submitted once again substantially changing the damages theories of GTS on its claims, or the evidence in support of such theories and opinions.  Without knowing what the factual record would look like at the time the motions were heard, Checkpoint could not state to the Court with any integrity which facts were disputed and which facts were undisputed.  Further, any attempt to list all facts as undisputed, when, in fact, such facts might be disputed after additional discovery took place, if such discovery had been granted, would seem to be a violation of Checkpoint's ethical responsibilities, as well as a breach of this Court's local rules regarding preparation of separate statements of undisputed facts and conclusions of law.

> ### C. **Checkpoint Reasonably Believed That, Even if it Could Have Filed its Motions Before the Court Ruled on GTS's Motion to Reopen Discovery, Doing So Would Have Led to a Multiplication of Proceedings, and Potentially Violated the Court's Civility and Professionalism Guidelines**

Under Fed.R.Civ.P. 56(f), a trial court must order a continuance on a motion for summary judgment if the party requesting a continuance submits affidavits showing that, without a continuance for additional discovery, it cannot present facts necessary to justify its claims or defend against another party's claims (or counterclaims).  *See* Fed.R.Civ.P. 56(f).  "Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'"  *Metabolife Int'l, Inc. v. Wornick*,

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

264 F.3d 832, 846 (9th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (Summary judgment must "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."); *Metabolife Int'l*, 264 F.3d at 846 ("Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will occur before summary judgment is considered.").

Here, GTS's motion to re-open discovery argued precisely that GTS had not had the opportunity to discover information necessary to prosecute GTS's claims. *See* Doc. 63-1 at 1, 8-11, and *passim*. Although GTS did not file with its motion to reopen discovery and continue the case management days by several months an affidavit specifically referencing Rule 56(f), GTS's counsel **had** filed a declaration stating GTS's perceived need to conduct additional discovery and its belief that it had not yet had the opportunity to discover all facts necessary to support its claims. *See* Doc. 63-2 at ¶¶ 2, 40-41, 43, 45 and 48. While Checkpoint did not (and does not) agree with GTS's assertion that additional discovery would be necessary to address the issues to be raised in Checkpoint's motions, the issue was already before the Court with an declaration substantially similar to what would be contained in a request under Rule 56(f) and Checkpoint did not (and does not) believe that filing a summary judgment motion under such circumstances would have comported with either the spirit or the letter of the Civility and Professionalism Guidelines for this Court.

### D. Good Cause Exists to Amend the Scheduling Order to Allow Checkpoint's Motions to be Heard and to, if Necessary, Move the Trial Date as Appropriate

Good cause exists to amend the Scheduling Order to allow Checkpoint to file its summary judgment motions and set them for hearing on August 8, 2014, or any other date thereafter convenient for the Court. Once a Rule 16 scheduling order is filed, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). If the

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

12

DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)

party seeking to modify was not diligent in its pretrial preparations, the inquiry should end there and the relief sought should not be granted.  *Zivkovic,* 302 F.3d at 1087; *Johnson*, 975 F.2d at 609.  *See also Plascencia v. Lending 1st Mortgage*, 2012 WL 253319 at *5-6 (N.D. Cal. 2012) ("A party moving for an amendment to a scheduling order must… show that the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply with the schedule, and that it was diligent in seeking the amendment once it became apparent that extensions were necessary").

Good cause exists here because Checkpoint has been diligent in seeking relief to modify the schedule by just a few weeks to allow its motions to be heard on the Court's first available open hearing date.  Within days of the Court's ruling on GTS's motion to re-open discovery, Checkpoint initiated a meet-and-confer with GTS regarding Checkpoint's contemplated summary judgment motions.  The same day that GTS responded to Checkpoint's meet and confer efforts and declined Checkpoint's invitation to stipulate to judgment or voluntary dismissal of the issues raised in Checkpoint's meet-and-confer letter, counsel for Checkpoint checked the Court's motion calendar and contacted the clerk regarding scheduling a hearing date on Checkpoint's summary judgment motions.

Good cause further exists because the deadlines imposed by the Scheduling Order have become unworkable due to no fault of Checkpoint, but instead due to the confluence of two factors out of Checkpoint's control:  the uncertainty resulting from GTS's motion to re-open discovery and the Court's busy motion calendar.  Checkpoint understands that the only way it could have secured a hearing date on or before the July 18, 2014 deadline in the current Scheduling Order would have been if it filed its summary judgment motions while GTS's motion to re-open completed depositions, take new depositions, and submit new expert reports, was still pending – which, as addressed above, Checkpoint had no reason to believe was necessary, would not have been possible, and even if possible, would have been unprofessional and discourteous in light of the sworn declaration of GTS's counsel, George Hampton, regarding his perceived

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

13

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

need for additional discovery to prove GTS's claims, and thereby to oppose Checkpoint's motion for summary judgment.  Respectfully, to deny the relief requested herein (a very brief, few week extension of the remaining deadlines) on the ground that Checkpoint purportedly should have filed its motions earlier, while GTS's motion to re-open discovery and continue all case management deadlines was pending, would be exceedingly inequitable to Checkpoint.

Good cause further exists in light of the significance of the motions at issue. Checkpoint has very strong motions for summary judgment (or partial summary judgment) that it believes will *eliminate*, or at least *significantly narrow*, the issues to be tried in this case.  Foust Decl. ¶ 16.  Checkpoint should not be precluded from bringing those motions based on the unfortunate confluence of GTS's pending motion and the Court's heavy motion schedule.

### E. A Brief Continuance of the Hearing Deadline, Pretrial Conference and Trial Date will Not Prejudice Either Party, While a Denial of this Motion Will Impose Significant Prejudice on Checkpoint

If this motion is denied, Checkpoint – which is still within the deadline to file motions under the current Scheduling Order (if the Court's calendar were not so severely impacted) – would be significantly and unfairly prejudiced, in that it will be denied all opportunity to have its motions for summary judgment heard and addressed before proceeding to trial.  Such result will also impose a burden on the Court, inasmuch as Checkpoint very strongly believes its motions have merit, and will eliminate or, at a minimum, significantly narrow the issues to be tried.

Alternatively, if this motion is granted, no prejudice will result.  With respect to the summary judgment motions, GTS has already stipulated to a briefing scheduling permitting Checkpoint until June 13, 2014 to file its motions, with GTS's oppositions due on July 11, 2014.  Checkpoint already filed and served one of its motions on May 30, 2014, well in advance of both the parties' stipulated filing deadline and the deadline to file motions pursuant to the case management order.  Checkpoint is prepared to file its other motion this week – again, in advance of both deadlines.  GTS thus will not be

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

14

**DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)**

prejudiced by an Order permitting the motions to be heard on August 8, 2014.  And GTS unquestionably will not be prejudiced by an Order scheduling the hearing on the motions for a date later than August 8, 2014, since GTS would have even more time than it stipulated for to prepare its oppositions.

GTS similarly will not be prejudiced by an Order continuing the August 15, 2014 final pretrial conference or the August 26, 2014 trial date by three weeks (if the summary judgment hearing is August 8) or by a few additional weeks (if the hearing is later), inasmuch as GTS just filed a motion requesting that these same dates be continued by several months.  That is, GTS requested that the pretrial conference be continued to December 5, 2014, and that the trial be continued to December 16, 2014.  Doc. 63-1 at 2.  A continuance far shorter than GTS requested thus will impose no prejudice on it.

## III.  CONCLUSION

For the forgoing reasons, Checkpoint respectfully requests that this Court grant its application and issue an Order (1) to allow Checkpoint to notice its motions for summary judgment to be heard on August 8, 2014 (or other date convenient for the Court), (2) to move the final pretrial conference and trial dates (currently set for August 15 and 26, respectively) by a corresponding three weeks (or by a corresponding extension if the hearings are set later than August 8), and (3) reversing its order (Doc. 90) striking Checkpoint's motion for summary judgment on its counterclaim against GTS, which motion was filed on May 30, 2014 and is noticed for hearing on August 8, 2014.

Dated:  June 4, 2014                    TATRO TEKOSKY SADWICK LLP


By:   /s/ Steven R. Tekosky
        Steven R. Tekosky, Esq.
        Attorneys for Defendants

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

15

DEFENDANTS' EX PARTE APPLICATION RE CMO, TRIAL DATE AND SUMMARY JUDGMENT HEARING DATE
CASE NO. SACV 12 – 01314 JLS (RNBx)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th of June, 2014, I electronically filed

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER TO AMEND
CASE MANAGEMENT ORDER TO MOVE THE TRIAL DATE AND
PERMIT HEARING SUMMARY JUDGMENT MOTIONS ON COURT'S
FIRST OPEN HEARING DATE; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

**with the Clerk of the court using the CM/ECF system, which will send a notification
of such filing (NEF) to the following:**

George L. Hampton IV
Colin C. Holley
Jeremy T. Katz
HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona Del Mar, California 92625
Telephone:  (949) 718-4550
Fax:  (949) 718-4580

Phillip G. Trad
Law Offices of Phillip G. Trad
P.O. Box 19093
Irvine, California  92693-9093
Telephone: (714) 990-3541

And

**BY FACSIMILE**
__x__    The within document(s) was/were served on the interested party(ies) in said action via
facsimile transmission from the following fax number (213) 225-7151.

*/s/ Karen L. Roberts*
Karen L. Roberts